All right, our final case for today is 24-2369, Chafin v. OPM. Ms. Moses, we only have you here today, correct? Yes, Your Honor. All right, please proceed. Thank you. Good morning, Your Honors. It may have pleased the Court. Not sure if it's still morning, but either way. I did want to address the housekeeping matter before I get to the merits of the argument here. I noticed when I was finalizing my preparation for oral argument that there are documents missing from the joint appendix that Ms. Chafin filed. They should have been included, and they are referenced in the party's briefs. I did file those last night, and I also brought copies today for each of you and your clerks. But we did file that last night, and I have copies that I can share as well. The Court should affirm the Merit Systems Protection Board's decision because Ms. Chafin's inability to drive to work is irrelevant to whether she can render useful and efficient service in her position as an operational support technician. Now, this would be different, of course, if she were a bus driver, right? Yes, Your Honor. If she were a bus driver and she now has a disability that prevents her from operating a bus, that would be directly related to her job. Yes, Your Honor, that is right. But her job does not require driving as a component of her job. That is correct. Her job, as reflected at appendix page 62, is one of a clerical nature, and it doesn't require any heavy lifting, as OPM found, or driving is also not an essential component. If we were to agree with Ms. Chafin's argument as presented to this Court, then every individual that has a reason that commuting is difficult for them along these lines would be able in any job to say they qualify as disabled, wouldn't they? That is correct. That's my concern. My concern with this is that it's a slippery slope. I don't see where a line could be drawn under the law that would allow Ms. Chafin's position to prevail while not wreaking havoc with our employment system. I agree, Your Honor. It does open a door, and there are so many reasons why an employee might not be able to arrive at work. In this case, what's particularly compelling is that Ms. Chafin doesn't argue that her disability actually prevents her job performance. She, again, just focuses specifically on her ability to get to work. One of the factors that she points to is that it's cost prohibitive for her to ride share, right? Yes. I mean, we all bear those costs, right? Wouldn't every federal employee, then, be able to say, I need to be able to telework or I need to be on disability because I don't want to have to pay to get to work? I would agree with that, Your Honor. Under her theory, if she changed her residence and moved across the street from her workplace, then she would no longer be disabled. I wonder. It makes no sense. I agree, Your Honor. Being disabled or not depends on where you live. Am I correct in understanding that there have been some MSPB decisions on this, but the Federal Circuit has never necessarily addressed this issue in a presidential decision to put it to rest? That is right, Your Honor. In Joliffe v. OPM. We have one non-prec, is that right? We have one non-prec that kind of talks about this? I'm sorry, what? We have one non-presidential opinion that talks about this, is that right? Yes, the court's affirmance of Joliffe v. OPM. And I do want to make another distinction that that case addresses employees who are covered under the civil service retirement system. And this case covers employees who are covered under the federal employee retirement system. The only difference between the two, because they're the same in terms of governing disability retirement claims, is employees who were hired before or after 1983. So that's really the only difference there. But the language is nearly identical with respect to the standard. Is there anything else that you think that we might need to know about this case that maybe you're worried we don't already know? No, Your Honor. I think the case is pretty straightforward. And our positions are well represented in our filings. And unless the court has any other questions, we respectfully request that the court affirm the board's decision. Thank you. Thank you. Have a nice day. You as well. Should I leave those copies, Your Honor? Oh, we'll get them. They're filed at the clerk's office, so we'll be able to get them.